UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN PARISI,

                              Petitioner,

                v.                                  9:02-CV-1497
                                                                        (FJS/RFT)

JOHN BURGE, Superintendent,

                              Respondent.
_____

**APPEARANCES**                                       **OF COUNSEL**

**KEVIN PARISI**
**98-B-1420**
Auburn Correctional Facility
135 State Street
P.O. Box 618
Auburn, New York 13024-9000
Petitioner *pro se*

**OFFICE OF THE NEW YORK**              **G. LAWRENCE DILLON, AAG**
**STATE ATTORNEY GENERAL**
207 Genesee Street
Utica, New York 13501
Attorneys for Respondent

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On January 26, 1998, Petitioner was found guilty of one count of assault in the first degree and one count of assault in the second degree following a jury trial in Oneida County Court. On April 7, 1998, the court sentenced Petitioner as a second felony offender to a determinate term of five years imprisonment for assault in the second degree and a determinate

term of twenty-five years imprisonment for assault in the first degree to run concurrently.[1]

On December 4, 2002, Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that (1) there was insufficient evidence presented at trial to support his conviction for first degree assault and (2) the sentence of twenty-five years' imprisonment for first degree assault is excessive and violates his Eighth Amendment right to be free from cruel and unusual punishment.

On October 26, 2005, Magistrate Judge Treece issued a Report-Recommendation and Order in which he recommended that this Court deny Petitioner's petition in its entirety. Currently before the Court are Magistrate Judge Treece's recommendations and Petitioner's objections thereto.

## II. DISCUSSION

**A.   Standard of Review**

The district court reviews *de novo* those portions of the magistrate judge's report-recommendation and order to which a party objects, *see Singleton v. Caron*, No. 9:03-CV-00455, 2006 WL 2023000, *1 (N.D.N.Y. July 18, 2006) (citations omitted), and for clear error those portions to which a party does not object, *see Stokes v. Artus*, No. 05 Civ. 1975, 2006 WL 1676437, *2 (S.D.N.Y. June 14, 2006) (citation omitted). With these standards in mind, the Court will review Magistrate Judge Treece's recommendations with respect to each of Petitioner's

---

[1] The New York Supreme Court, Appellate Division, Fourth Department, affirmed this judgment on appeal on March 21, 2001. *See People v. Parisi*, 281 A.D.2d 903 (4th Dep't 2001). The New York State Court of Appeals denied Petitioner leave to appeal on August 17, 2001. *See People v. Parisi*, 96 N.Y.2d 922 (2001).

stated grounds for relief.

B.     **Petitioner's Fourteenth Amendment Due Process Claim**

The Fourteenth Amendment's Due Process Clause protects a defendant in a criminal case against a conviction "without proo[f] [of] the elements of th[e] crime [with which he is charged] beyond a reasonable doubt." *Fiore v. White*, 531 U.S. 225, 228-29 (2001) (citations omitted). This sufficiency-of-evidence "inquiry does not focus on whether the trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993). Therefore, a petitioner who claims that there was insufficient evidence to support his conviction is entitled to relief under § 2254 only if he can establish "that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (footnote omitted).

In addition, the habeas court must consider the evidence in the light most favorable to the prosecution and draw all reasonable inferences in its favor, *see id.* at 319, and must look to state law to determine the elements of the crime of which the petitioner was convicted, *see id.* at 324 n.16; *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002) (quotation omitted). Moreover, "'when reviewing the sufficiency of the evidence, [the court] "defers to the jury's assessment of witness credibility and the jury's resolution of conflicting testimony."'" *Harris v. Allard*, No. 01 Civ. 7191, 2002 WL 31780176, *2 (S.D.N.Y. Dec. 11, 2002) (quotation omitted).

Applying these legal principles to the facts of this case, Magistrate Judge Treece found that, "[c]onsidering the evidence in favor of the prosecution and deferring to the jury's assessment

of the testimony at trial, Petitioner fail[ed] in his attempt to show insufficient evidence was presented at trial." *See* Report-Recommendation and Order at 7. Moreover, Magistrate Judge Treece concluded that Petitioner had "failed to show that the state court's decision was contrary to federal law established by the Supreme Court or that the determination was unreasonable in light of the evidence." *See id.* at 8. Therefore, Magistrate Judge Treece recommended that this Court deny Petitioner's application for a writ of habeas corpus on the ground that the evidence at trial was insufficient to support his conviction on the charge of assault in the first degree. *See id.*

Although Plaintiff concedes that he attacked his victim, Mr. Austin, he contends that he did not cause the serious physical injury that New York State Penal Law requires for a conviction of first degree assault and that, therefore, the Appellate Division erred when it determined that there was sufficient evidence at trial to convict him on this charge. *See* Petitioner's Objections at 3. Petitioner further asserts that both the Appellate Division and Magistrate Judge Treece overlooked the fact that, while he was fighting with Mr. Austin, an unknown assailant stabbed Mr. Austin twice in the back of the neck area. *See id.* at 1. Petitioner contends that it was the stabbing, and not the beating, that caused Mr. Austin to suffer the severe permanent injuries, which were the basis for the jury's finding that Petitioner was guilty of first degree assault. Finally, Petitioner contends that Magistrate Judge Treece overlooked the testimony of Mr. Austin's family, who stated that an unknown assailant stabbed Mr. Austin, and the testimony of Dr. Reilly, who testified that Mr. Austin suffered two stab wounds. *See id.* at 3.

Petitioner was convicted of assault in the first degree pursuant to New York Penal Law § 120.10(3), which provides, in pertinent part, that "[a] person is guilty of assault in the first degree when . . . [u]nder circumstances evincing a depraved indifference to human life, he

recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to another person[.]" N.Y. Penal Law § 120.10(3) (McKinney 2004). In reviewing Petitioner's conviction, the Appellate Division concluded that "a valid line of reasoning and permissible inferences" existed for a "rational person to [conclude] that defendant caused the victim's injuries." *People v. Parisi*, 281 A.D.2d at 903 (4th Dep't 2001) (citation omitted).

Although there may have been conflicting testimony at trial, some of which may support Petitioner's claim that Mr. Austin was stabbed, several witnesses testified that Petitioner used a baseball bat to beat Mr. Austin, who suffered severe permanent injuries including loss of memory and seizures and had to remain in the hospital for several weeks recovering from the beating. *See* Trial Tr. at 52-54, 109-10, 150-52. Moreover, Mr. Austin continues to suffer from "diminished mental abilities," which will persist for the rest of his life. *See id.* at 355, 360-61.[2]

Where, as here, there is conflicting trial testimony, the Court must defer to the jury's resolutions of such conflicts, which it obviously resolved in favor of finding that it was Petitioner's beating of Mr. Austin that caused him to suffer severe permanent injuries. Moreover, viewing the evidence in the light most favorable to the prosecution and drawing all reasonable inferences in its favor, the Court concludes that Petitioner has failed to show by clear and convincing evidence that "'no rational trier of fact could have found his guilt beyond a reasonable doubt.'" *Harvey v. Mazzuca*, No. 04 Civ. 8019, 2006 WL 1529325, *5 (S.D.N.Y. June 5, 2006) (quoting *Jackson*, 443 U.S. at 324). Therefore, the Court concludes that, in light of this evidence,

---

[2] The record shows that Mr. Austin suffers from speech impediments, memory loss, seizures, and impairment of his eyesight and needs constant care. *See* Tr. at 54, 109-10, 150-52.

the state court's determination that the evidence was sufficient to convict Petitioner of the charge of first degree assault was neither contrary to federal law nor was it based on an unreasonable determination in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, the Court adopts Magistrate Judge Treece's recommendation and denies Petitioner's application for a writ of habeas corpus on the ground that the evidence was insufficient to support his conviction on the charge of first degree assault.

C.   **Plaintiff's Eighth Amendment claim**

The Eighth Amendment to the United States Constitution prohibits punishment that is grossly disproportionate to the crime. *See Harmelin v. Michigan*, 501 U.S. 957, 995 (1991) (citations omitted). However, the Second Circuit has stated that "[n]o federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (citation omitted).

Applying these principles to Petitioner's sentence, Magistrate Judge Treece concluded that, because Petitioner's sentence was within the statutory range and was not grossly disproportionate to the crime, "the state court's decision was not contrary to federal law established by the Supreme Court nor was the determination unreasonable in light of the evidence." *See* Report-Recommendation and Order at 9. Therefore, Magistrate Judge Treece recommended that this Court deny Petitioner's claim that his sentence violated his Eighth Amendment right to be free from cruel and unusual punishment. *See id.* at 8.

Petitioner does not object to this part of Magistrate Judge Treece's Report-Recommendation and Order.

A jury found Petitioner guilty of assault in the first degree, *see* Trial Tr. at 586, and the court sentenced him as a second felony offender because he had previously been convicted of burglary in the third degree, a class D felony, in 1995, *see* Sentencing Tr. at 3-4.

Assault in the first degree is a class B felony, *see* N.Y. Penal Law § 120.10 (McKinney 2004), which generally carries a sentence not to exceed twenty-five years, *see* N.Y. Penal Law § 70.00(2)(b) (McKinney 2004). However, because of Petitioner's previous conviction, the Court sentenced him as a second felony offender, which requires that the court set a determinate sentence of "at least eight years and must not exceed twenty-five year." N.Y. Penal Law § 70.06(6)(a) (McKinney 2004).

Since, as Magistrate Judge Treece noted, the court sentenced Petitioner to a term of imprisonment that was within the range prescribed by state law, "[n]o federal constitutional issue is presented . . . ." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (citing *Underwood v. Kelly*, 692 F. Supp. 146 (E.D.N.Y. 1988), *aff'd mem.*, 875 F.2d 857 (2d Cir. 1989)). Therefore, Magistrate Judge Treece's conclusion that Petitioner's sentence did not violate his Eighth Amendment rights was not clearly erroneous or contrary to law. Accordingly, the Court adopts this recommendation and denies Petitioner's application for a writ of habeas corpus on the ground that his sentence was excessive and, therefore, violated his Eighth Amendment right to be free from cruel and unusual punishment.

### III. CONCLUSION

After carefully considering Magistrate Judge Treece's October 26, 2005 Report-Recommendation and Order, Petitioner's objections, the relevant parts of the record, and the

applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Treece's Report-Recommendation and Order dated October 26, 2005, is **ACCEPTED** in its entirety; and the Court further

**ORDERS** that Petitioner's habeas corpus petition, pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 12, 2007
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge